**UNITED STATES of America,**

v.

**Lawrence Glen GALLOWAY, Defendant.**

**No. CRIM. 4:01CR117.**

United States District Court, E.D. Virginia, Newport News Division.

March 29, 2002.

Lisa Rae McKeel, Assistant United States Attorney, Norfolk, VA, for USA.

Larry Mark Dash, Esquire, Office of the Public Defender, Norfolk, VA, for Defendant.

## AMENDED OPINION

REBECCA BEACH SMITH, District Judge.

On February 5, 2002, and February 13, 2002, this court held a hearing on defendant's Motion to Suppress and Supplemental Motion to Suppress. At the February 13, 2002, hearing, the court ruled from the bench and denied both of defendant's motions. On March 14, 2002, this court issued a written opinion on the denial of the motions to suppress, *nunc pro tunc* to February 13, 2002.[1]

■ Defendant argued for suppression of statements made at 2:15 a.m. to Officer

Bartley because Officer Bartley had not read defendant his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In denying his motion to suppress these statements, this court relied in part on *United States v. Elie*, 111 F.3d 1135 (4th Cir.1997), for the proposition that a violation of *Miranda* is not a constitutional violation. (Opinion, at 8–9.) On March 8, 2002, the Fourth Circuit Court of Appeals abrogated *Elie*, in so far as it held that a *Miranda* violation is not itself a constitutional violation. *United States v. Sterling*, 283 F.3d 216, 219–20 (4th Cir.2002) (stating on this point that *Elie* "is no longer the law") (citing *Dickerson v. United States*, 530 U.S. 428, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000)).[2] Therefore, to the extent this court's Opinion relied on *Elie*, 111 F.3d at 1142, in holding that failure to give defendant *Miranda* warnings was not a constitutional violation, the Opinion is hereby amended. The admissibility of the 2:15 a.m. pre-*Miranda* statements is not dependent on the voluntariness of defendant's statements, because a violation of *Miranda* is a constitutional violation whether or not it is voluntary. *See Sterling*, 283 F.3d 216, 219–20 (citing *Dickerson*, 530 U.S. at 428, 120 S.Ct. 2326 (holding that *Miranda* is a constitutional rule that Congress cannot overrule legislatively)).[3]

---

1. In his motions to suppress, defendant argued for the suppression of (1) a gun, (2) statements made at 2:15 a.m., and (3) statements made at 4:54 a.m. The only portion of the court's ruling that is affected by this Amended Opinion is the denial of defendant's motion to suppress the 2:15 a.m. statements.

2. This court received the slip opinion from the Fourth Circuit on Monday, March 18, 2002, four days after it issued its written opinion in this case.

3. The court's Opinion also denied defendant's motion to suppress the statements made at 4:54 a.m., after defendant was given *Miranda* warnings, citing *Elie*, 111 F.3d at 1141.

(Opinion, at 13.) In *Sterling*, the Fourth Circuit reaffirmed its holding in *Elie* that the "fruit of the poisonous tree" doctrine does not apply to derivative evidence discovered after *Miranda* warnings are given, despite an earlier violation of *Miranda*. *Sterling*, 283 F.3d 216, 218–20; *see also Oregon v. Elstad*, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); *Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). Because the portion of *Elie* holding that derivative evidence is admissible remains good law, *see Sterling*, 283 F.3d at 219–20, the statements were properly held admissible as derivative evidence. Therefore, this court's decision and reasoning on the admissibility of the 4:54 a.m. statements remains in force.

Prior to giving defendant his *Miranda* warnings, Officer Bartley asked defendant four questions. Officer Bartley asked whether the vehicle was defendant's, and defendant stated it was not. Officer Bartley asked whether defendant had been driving the vehicle, and defendant stated that he had been driving the vehicle for a few weeks. Officer Bartley asked whether there was a gun in the vehicle, and defendant stated there was not. Finally, after finding and securing the gun and while transporting defendant to the Newport News jail, Officer Bartley asked whether defendant was a convicted felon, and defendant stated that he was.[4] Under *Dickerson* and *Sterling,* these statements were made in violation of defendant's *Miranda* rights, and therefore his constitutional rights.

▪ In general, the exclusionary rule prohibits the admission of testimonial evidence gathered illegally. *Wong Sun v. United States,* 371 U.S. 471, 484–85, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). However, there is an exception to the exclusionary rule for evidence that inevitably would have been discovered by lawful means. *Nix v. Williams,* 467 U.S. 431, 444, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). The deterrence rationale, which provides the basis for the exclusionary rule, does not apply when the information ultimately or inevitably would have been discovered by lawful means. *Id.* Officer Bartley's question as to whether defendant was a con-

victed felon falls within the inevitable discovery exception. *See United States v. Allen,* 159 F.3d 832, 841 (4th Cir.1998) (stating "[t]he inevitable discovery doctrine applies to alleviate 'formalistic' and 'pointless' applications of the exclusionary rule").

▪ "The inevitable discovery doctrine may apply where additional routine or factually established investigative steps would inevitably lead to discovery of the evidence without undertaking any search." *Allen,* 159 F.3d at 841. When the officer arrived at the Newport News jail, he inevitably would have quickly and easily determined whether defendant was a convicted felon by running a criminal record check with the National Crime Information Center (NCIC) or the Virginia State Police. *Cf. United States v. Melgar,* 139 F.3d 1005, 1016 n. 3 (4th Cir.1998) (finding government would inevitably have discovered a defendant's illegal alien status by running a routine computer check), *abrogated in part by Texas v. Cobb,* 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001). In fact, Officer Bartley did run a copy of defendant's criminal record after the 2:15 a.m. statements, but before the 4:54 a.m. statements. Officer Bartley testified that he had a copy of defendant's criminal record with him when he took defendant's statement at 4:54 a.m. (Tr. of Hr'g, Feb. 5, 2002, at 34.) Therefore, because it is clear Officer Bartley would have determined defendant's status as a convicted felon without defendant's response to the question,

---

4. Officer Bartley's failure to give *Miranda* warnings to defendant before asking these four questions may fall within the "public safety exception" to the *Miranda* mandate. *See New York v. Quarles,* 467 U.S. 649, 655–56, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). The "public safety exception" applies when "there is an objectively reasonable need to protect the police or the public from any immediate danger associated with [a] weapon." *United States v. Mobley,* 40 F.3d 688, 693 (4th Cir.1994) (quoting *Quarles,* 467 U.S.

at 659 n. 8, 104 S.Ct. 2626). The government argued the pre-*Miranda* statements should be admissible under the public safely exception in its brief filed February 12, 2002, and the court heard argument from both sides on the public safety exception during the February 13, 2002, hearing. Although the court does not base its decision on the public safety exception, the parties had a full opportunity to argue and present this issue, which they did.

the exclusionary rule does not bar defendant's response.

■ Defendant's responses to the other three questions posed by the officer, namely that the vehicle was not his, that he had been driving it, and that there was not a gun inside, were not incriminating statements. Furthermore, because defendant made a full confession to Officer Bartley hours later after waiving his *Miranda* rights, in which he admitted that the vehicle was not his but that he had been driving it for a few weeks, defendant's answers to the officer's questions would have been before the jury.

## Conclusion

For the reasons set forth above, the court amends its original opinion denying defendant's motions to suppress. The Clerk is DIRECTED to send a copy of this Amended Opinion to counsel for the defendant and to the Assistant United States Attorney.

**IT IS SO ORDERED.**